IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT L. WEBB; et al.

Plaintiffs,

v.

CHRIS FAIN; et al.

Defendants.

Civil No. 02-645-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

Dr. Hong, as assignee of the claims of plaintiff CD Micro, Inc., has filed a motion to dismiss claims of CD Micro, Inc., against defendant Gordon Dillard without prejudice and subject to certain conditions (#84). Defendant Dillard opposes Dr. Hong's motion.

## I. DISCUSSION

Dr. Hong moves to dismiss the claims of CD Micro, Inc. against defendant Dillard without prejudice and without fees and costs, and subject to the condition that, if the state court does not deem these claims as having been filed on May 17, 2002, Dr. Hong may refile the dismissed claims in this court and they will be treated as having been filed on May 17, 2002, the original filing date. Defendant Dillard does not oppose dismissal but opposes any condition involving any statute of limitations defense.

Federal Rules of Civil Procedure provides in pertinent part that, after a defendant has filed an answer or motion for summary judgment, an action may be dismissed voluntarily at plaintiff's request only by order of the court and "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The purpose of authorizing terms and conditions on a voluntary dismissal is to protect a defendant from prejudice." Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431 (2d Cir. 1989) (per curiam); Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action."); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366, at 304 (1995). In the Ninth Circuit, "Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (and cases cited).

On similar facts to the instant case, the Second Circuit in Cross Westchester court found that no authority exists to grant a Rule 41(a)(2) dismissal and to order a defendant opposing such dismissal to limit its defenses in subsequent actions. Cross Westchester, 887 F.2d at 431.

Here, defendant does not waive his statute of limitations defense and the court may not waive his defense by imposing the conditions on dismissal requested by Dr. Hong. Defendant does not request the imposition of fees and/or costs on any dismissal of the claims against him by CD Micro, Inc.

At the telephone hearing on this motion, the court inquired of Dr. Hong's counsel whether, if the court did not impose the conditions on dismissal requested, he still wanted to pursue dismissal without prejudice of CD Micro, Inc.'s claims against defendant Dillard; counsel answered in the affirmative.

On this record and the foregoing authority, the court finds that the conditions on dismissal requested by Dr. Hong should not be imposed. Dr. Hong's motion to dismiss should be granted without prejudice and without fees and costs, and without imposition of the conditions requested.

## II. RECOMMENDATION

For the foregoing reasons, the motion to dismiss claims of CD Micro, Inc., against defendant Gordon Dillard without prejudice and subject to certain conditions (#84), brought by Dr. Hong, as assignee of the claims of plaintiff CD Micro, Inc., should be granted in part and denied in part: the motion to dismiss claims of CD Micro, Inc., against defendant Gordon Dillard should be granted without prejudice and without fees and costs, and without imposition of the conditions requested.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the**

Magistrate Judge's recommendation.

DATED this 22 day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE